UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **CYLINA DANIELS,** | **CIVIL ACTION NO. 5:22-157-KKC** |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| **JEFFREY SCHICK and NEW PRIME, INC. d/b/a PRIME, INC.,** | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Cylina Daniels' First Motion for Leave to File an Amended Complaint. Defendants object to the motion and argue that it was unduly delayed and will result in substantial prejudice to the defendants, and that the amendments are futile. For the reasons set forth herein, the Court GRANTS the motion (DE 37) and DISMISSES the punitive damages claim in the Amended Complaint.

I. Discussion

Under Fed.R.Civ.P. 15(a), leave to amend a pleading shall be freely given "when justice so requires." Several factors should be considered in determining whether to grant a motion to amend.

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

1

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir.1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973)). *See also Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir.1998), *cert. denied*, 528 U.S. 842, 120 S.Ct. 110, 145 L.Ed.2d 93 (1999). When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir .1999). An amendment's futility is judged on its ability to withstand a motion to dismiss and thus is subject to the 12(b)(6) standards. *See Ziegler v. IBP Hog Market*, 249 F.3d 509, 518 (6th Cir. 2001).

### A. Futility of Amendments

Defendants argue the motion should be denied because the proposed amendments would not withstand a 12(b)(6) motion to dismiss. The Court will consider the futility of each amendment in turn.

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed

2

factual allegations, a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555.

Plaintiff seeks to amend the Complaint to add a negligence per se claim based on violations of KRS § 189.450, 49 C.F.R. § 392.2, and 601 KAR 1:005. Defendants contend that the federal violation is insufficient because Kentucky does not recognize negligence per se claims based on violations of federal law, and the remaining state law violations would not pass muster because Plaintiff did not explicitly plead that the statutes were penal in nature. Neither of these arguments are persuasive. First, the Kentucky regulation 601 KAR 1:005 adopts 49 C.F.R. § 392.2 in its entirety which negates Defendants' argument that negligence per se based on a federal violation is inadequate. Second, the Court finds that Plaintiff need not explicitly plead that the relevant statutes for the negligence per se claims are penal to survive a 12(b)(6) motion. Such fact can be verified by searching the statute. Accordingly, the negligence per se amendment is not futile.

Plaintiff's Amended Complaint also contains a claim for punitive damages. In Kentucky, to award punitive damages "there must be proof of bad faith sufficient for the jury to conclude that there was conduct that was outrageous, because of the defendant's evil motive, or his reckless indifference to the rights of others." *Motorist Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 452 (Ky. 1997). Defendants argue that Plaintiff did not plead any facts that state a plausible claim that Defendant Schick acted with any level of malice or ill will. The Court agrees. Ignoring any legal conclusions in Plaintiff's Amended Complaint, she only pleads that Schick pulled his tractor-trailer vehicle over in the I-75 northbound emergency shoulder, and he failed to safely control his truck upon reentry on to the highway causing a collision that resulted in injuries to Plaintiff. (DE 37-1, ¶¶ 8-10.) The Court cannot make a plausible inference based on these facts that Schick acted with evil motive or reckless indifference to

3

the rights of others. Therefore, the Court finds that the punitive damages claim would not survive a Rule 12(b)(6) motion and dismisses the claim from the Amended Complaint.

### B. Undue Delay and Unfair Prejudice

Defendants next argue that Plaintiff should not be granted leave to amend because of her undue delay in filing the motion and the undue prejudice Defendants would face if granted. The Court does not find there was undue delay since Plaintiff filed her motion by the deadline to amend pleadings set forth in the Court's Modified Scheduling Order. (DE 35.)

The Court also does not find that the Defendants will be substantially prejudiced by the Plaintiff's Amended Complaint even though fact discovery has closed. The only new claim in the Amended Complaint is the negligence per se claim. Defendants do not identify what kind of additional discovery would be needed for this claim and Defendants have already had the opportunity to conduct discovery on the original negligence claim. This discovery should be sufficient for the negligence per se claim. Because of this, Defendants will not face substantial prejudice by allowing the amendment.

For the foregoing reasons the Court ORDERS:

1. Plaintiff's First Motion for Leave to File Amended Complaint (DE 37) is GRANTED;
2. The Clerk of the Court is DIRECTED to docket the tendered Amended Complaint (DE 37-1);
3. Plaintiff's claim for punitive damages in the Amended Complaint is DISMISSED without prejudice.

This 19th day of January, 2024.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY